# J. J. LUDWIG v. HAUGEN MOTOR COMPANY.[1]

November 18, 1932.

Nos. 29,036, 29,037.

[1]Reported in 245 N. W. 371.

316

 

*Sweet, Johnson & Sands* and *A. C. Dolliff*, for appellant.
*Hall & Catlin*, for respondent.

HILTON, J.

Two actions, one by a father as guardian to recover damages for injuries sustained by his minor son, and one by himself to recover for necessary expenses incurred in caring for the son's injuries. The actions were consolidated and tried together. There was a verdict for $7,000 in one case and for $1,260 in the other. In each case the defendant appealed from an order denying an alternative motion for judgment notwithstanding the verdict or for a new trial.

The minor, between 14 and 15 years of age, was living with his father on a farm adjoining the village of Vesta, Minnesota. The accident occurred at about seven o'clock p. m. May 15, 1931, at an intersection of state highway No. 14 (Center street) and Elm street in that village. Elm street runs north and south; Center street east and west. Approaching Center street, the minor was riding a bicycle in a northerly direction on the east side of Elm street. After entering the intersection of those two streets he was struck by a Ford truck, proceeding westerly, at a point, indicated by one witness, as south of the center line of Center street. There was other evidence that it was north of such center line. The question as to whether the truck was on the wrong side of Center street was one for the jury. The evidence for plaintiff was that when the minor turned the intersection corner toward the east his bicycle was in the right-hand wheel tracks and that immediately thereafter, without turning his bicycle, except a little more to the right, he was struck by the truck coming from the east. The evidence made a fact issue as to the speed at which the truck was being driven.

█ Taking all the evidence into consideration, including the physical facts, it cannot be successfully claimed otherwise than

that a question of fact was presented, and that the jury's determination, by its verdicts, that the truck was being driven negligently and that the minor was not guilty of contributory negligence, were amply supported by the evidence.

■ The main proposition involved therefore is as to the ownership of the truck and the consequent agency of the driver. Defendant was a copartnership engaged in the business of dealing in Ford cars and trucks at DeSmet, South Dakota. On May 14, 1931, defendant, through its manager, T. A. Haugen, had negotiations with one Erickson relative to the sale to him of a truck. Such negotiations ripened into a deal whereby defendant was to sell and deliver to Erickson a new Ford truck and Erickson was to pay therefor by trading in another car, paying $100 in cash, and the balance of $500 was to be represented by the usual conditional sales contract. Erickson turned in the old car and paid the $100. Defendant did not have such a truck in stock and was to go to St. Paul to secure one there from the Ford Motor Company.

Haugen, in his own car, went to St. Paul, taking with him a man named Kracht and Kracht's wife for the purpose of having Kracht drive a new Ford truck to DeSmet. Haugen took with him a pair of South Dakota dealer's license plates belonging to a member of defendant's firm, who was also a member of another firm. At St. Paul a Ford truck was purchased by Haugen. The license plates were placed thereon by him or under his direction and so remained. Kracht and his wife started with the truck for DeSmet. On the way they passed through Vesta, and the accident occurred.

At the time of the accident Mrs. Kracht was driving the truck, and Kracht was sitting in the front seat at her right hand. Whoever was the owner of the truck was liable for damages occasioned through her negligence. They arrived with the truck at DeSmet at about one a. m. on May 16. It was left at the county sheds, and the next forenoon Kracht and Erickson did some work in building a box for the truck. That day, in the afternoon, defendant gave Erickson a bill of sale of the truck and a conditional sales contract.

Defendant's claim is that Erickson at the time of the accident was the owner of the truck, while that of plaintiff is that such ownership was in the defendant. Haugen was called for cross-examination under the statute. Kracht was also a witness. Haugen testified that he asked Erickson to come to St. Paul and drive the truck back but that he declined to do so. He testified also that the truck belonged to defendant until it was delivered to Erickson, but claimed that the delivery to Kracht was delivery to Erickson. Kracht testified that Erickson asked him to go to St. Paul, but in his testimony he also stated that when he was driving the truck back he was driving it for Haugen. Neither party secured, by deposition or otherwise, the testimony of Erickson.

The question as to the ownership of the truck at the time of the accident and the resulting liability was for the jury. By the verdicts it found that defendant was the owner and hence liable. Taking into consideration all the testimony, though conflicting in part, the circumstance of the South Dakota dealer's license plates on the truck, and the undisputed fact that the bill of sale and conditional sales contract were not executed or delivered until the day after the accident, the jury's determination should not be disturbed. The facts established the intention of the parties notwithstanding certain testimony of Haugen. That intention controls here. G. S. 1923 (2 Mason, 1927) § 8393. Under the evidence the jury could find that the truck was not delivered to Erickson until the afternoon of May 16, when the conditional sales contract was executed and delivered. Cases cited by defendant relative to the rights of parties (seller and buyer) where property has been disposed of under a conditional sales contract are not at all helpful. Here there was neither a bill of sale nor a conditional sales contract until after the accident.

■ Kracht was called by plaintiff as a witness. In the progress of his examination he appeared adverse to plaintiff, and certain questions were objected to as leading. The objections were sustained. Counsel for plaintiff then asked permission to call the witness for cross-examination under the statute, which was granted.

Defendant assigns this as error. Even if error, it was not prejudicial and is not a ground for reversal. 6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 10327, p. 955, and cases cited.

■ Defendant claims that the verdicts were excessive and were evidently rendered under the influence of passion and prejudice. With this we cannot agree. The minor was seriously injured. He became unconscious at the time of the accident and remained in a semi-conscious condition for two or three weeks. He suffered a compound comminuted fracture of the right leg, the ends of both bones protruding through the flesh. The main break was about five inches below the knee. Both bones were badly fractured, the muscles of his leg were badly lacerated and torn, and the periosteum was torn off the bone tissue of the leg. He was in the hospital from May 15, 1931, until after the trial, November 18. During that time he submitted to a painful operation in which the muscles, tendons, and loose bone fragments were taken care of and a projecting bone two or three inches long and about half the thickness of the bone removed. About a month later another operation was performed in which the bones were brought in apposition and a plate placed alongside of both fragments and a screw fastened through the plate into the bone. All three of the doctors testifying for respondent stated that in their opinion the injury was a permanent one and would result in the permanent shortening of the leg from one-half to an inch. In addition to the leg injury, there was a severe injury to the head, which produced his unconsciousness and is apt to cause a permanent injury to the brain and brain cells, whch injury may show up later in life. He had a bad scar on his chin and forehead and a deep cut on the other leg. The reasonable value of the medical services rendered the boy to the time of the trial warranted the verdict returned in favor of the father.

Affirmed.